693 S.E.2d 927

**In the Matter of Jack SCHOER, Respondent.**

No. 26824.

Supreme Court of South Carolina.

Submitted April 29, 2010.

Decided June 1, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

R. Davis Howser, of Howser, Newman, & Besley, LLC, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a two year suspension from the practice of law. Respondent requests the suspension be imposed retroactively to March 22, 2006, the date of his interim suspension. *In the Matter of Schoer*, 368 S.C. 172, 628 S.E.2d 884 (2006). We accept the

Agreement and impose a two year suspension from the practice of law, retroactive to the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

■ Between 2002 and 2003, respondent routinely directed his non-lawyer assistant to conduct residential real estate refinancing closings at borrowers' residences. Borrowers were instructed to provide a witness at the closings so that the mortgage execution could be witnessed by two parties, the agent for the lawyer and the witness provided by the borrower. When borrowers failed to provide a witness, respondent's standard practice was to have the closing agent (either his non-lawyer assistant or another lawyer) deliver the closing documents after closing and respondent would sign the mortgage as the second witness even though he had not witnessed its execution.

In April 2002, respondent was hired to perform closing services on behalf of an out-of-state lender in a refinance transaction in which Jane Doe was the borrower. Respondent was under the assumption that Tom Hall, a South Carolina attorney, was supervising the title abstract, document preparation, recordation, and disbursement related to the closing, but respondent failed to insure that this was the case when, in fact, it was not. Respondent did not personally attend the closing, but, instead,' sent his non-lawyer assistant to conduct the closing. The legal significance of the documents executed by Jane Doe was not explained to her at closing or at any other time prior to closing.

The Jane Doe closing required a quit claim deed to be executed to Ms. Doe by her former husband so that she could refinance the property solely in her name. Instead, respondent mistakenly prepared a quit claim deed indicating a conveyance from Ms. Doe to her former husband, but with a signature block for the former husband as the grantor. Respondent sent a non-lawyer assistant to obtain the former husband's signature on the incorrect deed. Respondent had previously notarized the deed prior to its execution and was

not present when the former husband signed the deed. Thereafter, respondent signed the deed as a second witness to the former husband's signature even though he had not witnessed the deed's execution. After the quit claim deed was recorded, the error was corrected by another lawyer who obtained the former husband's signature on a deed which properly conveyed the property to Jane Doe.

When Jane Doe fell behind on her mortgage payments, the lender initiated foreclosure proceedings. Jane Doe filed a third party complaint against several parties, including respondent, in the foreclosure action. Respondent's malpractice carrier settled the claim by payment of $30,000 to Jane Doe.

## *Matter II*

During 2004 and 2005, respondent engaged in ongoing business relationships with two out-of-state entities that facilitated real estate transactions in several states, including South Carolina. Pursuant to these relationships, respondent was regularly retained to conduct real estate closings in which the title abstract, recordation, and disbursement were not performed or supervised by a South Carolina lawyer. Respondent closed approximately one hundred transactions on behalf of these two entities without making a sufficient effort to insure that a South Carolina lawyer was performing or supervising the closing-related activities.

## *LAW*

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 4.1 (in the course of representing a client, a lawyer shall not make a false statement of fact or law

to a third person); Rule 5.5(a) (lawyer shall not assist another in practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for two years, retroactive to March 22, 2006, the date of respondent's interim suspension. *In the Matter of Schoer, supra.* Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, J., not participating.